(88–CV–2324.) Janet Kay MAAS, by her guardian ad litem, Richard R. Grant and Chester Maas, Plaintiffs-Respondents,

SENTRY INSURANCE, a mutual company, Subrogated Plaintiff,

v.

Peter J. ZIEGLER, Robert A. Bong, d/b/a Robert A. Bong Excavating. General Casualty Company of Wisconsin, Defendants,

SENTRY INSURANCE, a mutual company, Subrogated Plaintiff,

Lorene A. GRAY and Sentry Insurance, a mutual company, Defendants-Appellants-Petitioners.

(88–CV–3107.) Gerald A.TAYLOR, Plaintiff-Respondent,

Joy E. TAYLOR, Jason C. Taylor and Gerald Taylor, as Personal Representative of the Estate of Joan M. Taylor, Plaintiffs,

SENTRY INSURANCE, a mutual company, Subrogated Plaintiff,

v.

Peter J. ZIEGLER, Robert A. Bong, d/b/a Robert A. Bond Excavating, General Casualty Company of Wisconsin, Defendants.

Lorene A. GRAY and Sentry Insurance, a mutual company, Defendants-Appellants-Petitioners.

(88–CV–5511.) Carol COX, Plaintiff-Respondent,

Alan COX, Plaintiff,

SENTRY INSURANCE, a mutual company, Subrogated Plaintiff,

v.

Peter J. ZIEGLER, Robert A. Bong, d/b/a Robert A. Bong Excavating, General Casualty Company of Wisconsin, Defendants,

Lorene A. GRAY and Sentry Insurance, a mutual company, Defendants-Appellants-Petitioners.

Supreme Court

*No. 90–0168. Submitted on briefs October 8, 1992.—Decided December 8, 1992.*

71

(Also reported in 492 N.W.2d 621.)

For the defendants-appellants-petitioners there were briefs by *Robert F. Johnson, Philip C. Reid* and *Cook & Franke, S.C.,* Milwaukee.

For the plaintiffs-respondents, Chester Maas, there was a brief by *Richard R. Grant* and *Consigny, Andrews, Hemming & Grant, S.C.,* Janesville.

For the plaintiffs-respondents, Gerald A. Taylor, there was a brief by *Kent I. Carnell* and *Lawton & Cates, S.C.,* Madison.

JON P. WILCOX, J.   This case is before the court on petition for review pursuant to sec. (Rule) 809.62, Stats. Petitioners, Lorene A. Gray and Sentry Insurance (hereinafter Sentry), seek review of an unpublished court of appeals decision affirming circuit court Judge Susan Steingass's denial of their motion for summary judgment. Sentry argues that the court of appeals and trial court erred in ruling that an endorsement which removed a fellow employee exclusion from the Sentry insurance policy waived the exclusive remedy provision of the Worker's Compensation Act, sec. 102.03(2), Stats.[1] Further, Sentry asserts that the endorsement did

---

[1] Section 102.03(2), Stats., provides:

not apply in this case because its insured did not own the car involved in the accident.

There are two issues before this court. The first issue is whether the endorsement which removed a fellow employee exclusion from Sentry's liability policy waived the exclusive remedy provisions of the Worker's Compensation Act, sec. 102.03(2), Stats. We conclude that Sentry waived to the extent of its policy limits the exclusive remedy provisions of sec. 102.03(2). The second issue is whether the named insured, Maintenance Equipment, Inc. (MEI) owned the automobile involved in the accident within the meaning of the insurance policy. We conclude that MEI owned the automobile for purposes of the Sentry policy. We affirm the court of appeals.

The facts are not disputed. On November 12, 1985, Lorene Gray was driving a 1982 Ford Grenada with the lettering "The Maids" on the vehicle. Joan Taylor, Janet Maas, and Carol Cox were passengers in the car. All four women worked as home cleaners for The Maids of Madison, a division of Maintenance Equipment, Inc. The car was traveling west on Old Sauk Road, and as it approached the intersection with the Beltline, the car went through a stop sign and collided with a truck driven by Peter Ziegler. Joan Taylor was killed as a result of the accident. Janet Maas and Carol Cox were seriously injured. The four women were on their way to a job for their employer at the time of the accident. The automobile Gray was driving was leased by MEI from Van Boxtel Leasing, Inc.

---

**(2)** Where such conditions exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employe of the same employer and the worker's compensation insurance carrier.

Sentry provided worker's compensation coverage to MEI. Sentry also provided MEI with comprehensive general liability coverage. The coverage clause of Sentry's liability policy provided:

PART IV—LIABILITY INSURANCE

A.  WE WILL PAY:

> 1.  We will pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto.

The policy contained the following fellow employee exclusion:

C.  WE WILL NOT COVER—EXCLUSIONS: This insurance does not apply to:

. . ..

4.  Bodily injury to any fellow employee of the insured arising out of and in the course of his or her employment.

Sentry's policy included an endorsement titled "CHANGES IN POLICY—WISCONSIN" which stated:

A.  CHANGES IN LIABILITY INSURANCE

. . ..

2.  The exclusion relating to bodily injury to fellow employees does not apply if the bodily injury results from the use of a covered auto you own.

On February 3, 1989, Sentry moved for summary judgment on the basis that the exclusive remedy defense of sec. 102.03(2), Stats., was not waived by the endorsement because MEI did not own the vehicle involved in

the accident. The trial court denied the motion for summary judgment ruling that MEI should be treated as the owner of the vehicle within the language of the Sentry policy. On August 3, 1989, Sentry filed a second motion for summary judgment. Sentry argued that Gray was not legally liable under sec. 102.03(2); therefore, there was no liability for Sentry to cover. The trial court again denied the motion for summary judgment, ruling that Sentry waived the exclusive remedy defense through the endorsement that deleted the fellow employee exclusion.

The parties resolved the damage issues and entered into a stipulated judgment in favor of the respondents which was stayed pending the outcome of this appeal by Sentry. The circuit court entered the order for judgment on January 3, 1990. Sentry appealed.

The court of appeals affirmed. The court of appeals decision consisted of two concurring opinions and one dissent. Judge Eich's concurring opinion concluded that Sentry's policy waived the exclusive remedy defense and MEI owned the vehicle within the meaning of the policy. Judge Eich held that this case was controlled by *Backhaus v. Krueger,* 126 Wis. 2d 178, 376 N.W.2d 377 (Ct. App. 1985) and *United States Fidelity and Guaranty Co. v. PBC Productions, Inc.,* 153 Wis. 2d 638, 451 N.W.2d 778 (Ct. App. 1989).

When reviewing a summary judgment decision, this court is required to apply the standards set forth in sec. 802.08, Stats., in the same manner as the trial court. *Voss v. City of Middleton,* 162 Wis. 2d 737, 748, 470 N.W.2d 625 (1991); *Kremers-Urban Co. v. American Employers Ins. Co.,* 119 Wis. 2d 722, 733, 351 N.W.2d 156 (1984).

78

The issues in this case require this court to construe and interpret the Sentry insurance policy. The construction of an insurance policy is a matter of law for this court when no extrinsic evidence is offered bearing upon the terms of the policy. *Kraemer Bros. Inc. v. United States Fire Ins. Co.,* 89 Wis. 2d 555, 561–62, 278 N.W.2d 857 (1979). This court decides questions of law independently and without deference to the reasoning of the lower courts. *Id.,* 89 Wis. 2d at 562.

The interpretation of insurance contracts is controlled by the principles of construction of contracts in general. *Stanhope v. Brown Co.,* 90 Wis. 2d 823, 848, 280 N.W.2d 711 (1979). The objective in interpreting and construing a contract is to ascertain the true intention of the parties. *Kraemer Bros.,* 89 Wis. 2d at 562. A construction which gives reasonable meaning to every provision of a contract is preferable to one leaving part of the language useless or meaningless. *Stanhope,* 90 Wis. 2d at 848–49.

No contract of insurance should be rewritten by construction to bind an insurer to a risk which it did not contemplate and for which it was not paid, unless the terms are ambiguous or obscure. *Inter-Insurance Exchange v. Westchester Fire Ins. Co.,* 25 Wis. 2d 100, 104, 130 N.W.2d 185 (1964). In the event of ambiguity or obscurity, the language of a policy should be construed against the insurance company that drafted the policy. *Stanhope,* 90 Wis. 2d at 849; *Gonzalez v. City of Franklin,* 137 Wis. 2d 109, 122, 403 N.W.2d 747 (1987). Words or phrases are ambiguous when they are reasonably or fairly susceptible to more than one construction. *Stanhope,* 90 Wis. 2d at 849; *Gonzalez,* 137 Wis. 2d at 122.

Sentry's policy must be interpreted in the light of these principles. *Stanhope,* 90 Wis. 2d at 849.

We will first consider whether Sentry waived the exclusive remedy provisions of the Worker's Compensation Act, sec. 102.03(2), Stats., by the endorsement that removed the fellow employee exclusion from its policy. Section 102.03(2) provides in relevant part: "[w]here such conditions exist the right to recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employe of the same employer and the worker's compensation insurance carrier."

Sentry argues that there is no coverage under its policy because sec. 102.03(2), Stats., exempts Gray from liability to co-employees. Sentry points to its insuring clause which states that "we will pay all sums the insured *legally must pay* as damages . . .." (Emphasis added.) Sentry contends that there is no sum Gray legally must pay as damages because of sec. 102.03(2).

Sentry's interpretation ignores the exclusion and endorsement. Sentry fails to give meaning to all provisions of its policy. In a case where the worker's compensation statutes apply, there is no need for the fellow employee exclusion because sec. 102.03(2), Stats., already provides statutory immunity. The exclusion and endorsement are meaningless unless interpreted to waive the co-employee immunity provided by sec. 102.03(2). In a case where worker's compensation is not available, the fellow employee exclusion is invalid because the omnibus statute, sec. 632.32(6)(b)2.a, Stats.,[2] requires the insurance policy to cover all passengers for bodily injury.

---

[2] Section 632.32(6)(b)2.a, Stats., provides:

**(6) PROHIBITED PROVISIONS.**

*Dahm v. Employers Mutual Liability Ins. Co.,* 74 Wis. 2d 123, 246 N.W.2d 131 (1976). The endorsement again is rendered meaningless and useless.

A construction that would render an endorsement meaningless should not be adopted if that endorsement is susceptible of another construction which gives effect to all of the policy's provisions and is consistent with the general intent. *Stanhope,* 90 Wis. 2d at 850; *Inter-Insurance Exchange,* 25 Wis. 2d at 106. The only way to give effect to all provisions of the Sentry policy is to read the endorsement as waiving the co-employee immunity provided by sec. 102.03(2), Stats.

Even if the exclusion and endorsement are interpreted to have meaning when worker's compensation does not apply, the policy is ambiguous because the endorsement does not state that it is limited to non-worker compensation cases or cases where the employee continues to have common-law liability to a co-employee. The endorsement can just as reasonably be read to improve policy coverage by extending coverage to any bodily injury to a fellow employee regardless of whether that bodily injury was covered under the worker's compensation act. Ambiguities are construed against the insurer. *Stanhope,* 90 Wis. 2d at 849.

The test is not what the insurer intended the words to mean, but what a reasonable person in the position of

. . ..

(b)   No policy may exclude from the coverage afforded or benefits provided:

. . ..

2.a.   Any person who is a named insured or passenger in or on the insured vehicle, with respect to bodily injury, sickness or disease, including death resulting therefrom, to that person.

the insured would have understood them to mean. *Gonzalez*, 137 Wis. 2d at 122; *Kremers-Urban*, 119 Wis. 2d at 735. A reasonable person can read the endorsement as extending coverage to any bodily injury to a fellow employee regardless of whether the worker's compensation act applies. When the insurance policy is read as a whole the only reasonable construction is that the endorsement was intended to waive the exclusive remedy provisions of sec. 102.03(2), Stats.

It is well established that an insurer can waive statutory immunity through the terms of its policy. *Stanhope*, 90 Wis. 2d at 852. For waiver of statutory immunity to occur there must be express policy language indicating that waiver was intended. *Sambs v. Brookfield*, 66 Wis. 2d 296, 315, 224 N.W.2d 582 (1975); *Gonzalez*, 137 Wis. 2d at 131–32. The only interpretation which gives meaning to the entire Sentry policy, including the endorsement, is that the endorsement was intended to waive the fellow employee immunity of sec. 102.03(2), Stats. The endorsement which deleted the fellow employee exclusion from the policy was an express waiver of the statutory immunity granted by sec. 102.03(2).

The court of appeals dealt with this issue and held that an endorsement which deletes a fellow employee exclusion waives, to the extent of the policy limits, the statutory immunity granted co-employees under sec. 102.03(2), Stats. *United States Fidelity & Guaranty Co.*, 153 Wis. 2d at 643; *Backhaus*, 126 Wis. 2d at 182. We hold that the effect of the Sentry endorsement was to waive the co-employee immunity of sec. 102.03, and broaden the policy coverage to include bodily injuries to

fellow employees. This construction gives effect to all provisions of the policy.

The second issue is whether the automobile involved in the accident was "owned" by MEI within the meaning of the Sentry policy. Only if MEI owned the automobile did the endorsement apply and waive the co-employee immunity of sec. 102.03, Stats. The endorsement states that the fellow employee exclusion "does not apply if the bodily injury results from the use of a covered *auto you own.*" (Emphasis added.) The policy itself does not define the meaning of that phrase.

Sentry argues that the endorsement does not apply in this case because MEI leased the vehicle involved in the accident and did not possess legal title to the vehicle. Sentry's argument must be rejected.

The automobile involved in the accident was one of thirteen automobiles specifically listed in the "Schedule Of Covered Autos You Own" in the insurance policy. The phrase "covered auto you own" is the same language used in the endorsement that deleted the fellow employee exclusion. A reasonable person in the position of the insured would assume that an automobile listed as a "covered auto you own" under the declarations portion of the policy must consistently be considered a "covered auto you own" when interpreting the language of the endorsement.

Further, in "Section 5—Auto Coverages" under liability coverage, the policy uses the covered auto symbol "01" and indicates there is combined single limits of $500,000. The policy states that "coverages will apply only to those autos shown as Covered Autos by the entry of one or more of the symbols from Item 3 Next to the name of the coverage." Applying the definitions in "ITEM THREE—DESCRIPTION OF COVERED AUTO DESIGNATION SYMBOLS," indicates that the

83

symbol "01" means "ANY AUTO." Item 3 contained twelve symbols. If it was Sentry's intention to exclude leased autos it should have placed a symbol less inclusive than "01—ANY AUTO" next to liability coverage.

Last, endorsement JA-323 (effective dates 1/1/84 and 6/19/85) added Van Boxtel Leasing, Inc. as an "Insured" for a number of autos listed. The 1982 Ford Grenada involved in the accident was listed on both of these endorsements. The endorsements indicate that Sentry knew that many of MEI's automobiles were leased from Van Boxtel Leasing, including the automobile involved in the accident.

The clear and unambiguous language of the policy leads to the conclusion that the automobile involved in the accident was owned by MEI for purposes of the insurance policy.

In *Continental Casualty Co. v. Transport Indemnity Co.*, 16 Wis. 2d 189, 114 N.W.2d 137 (1962), this court stated that "the term 'owner' is of quite general application and is frequently applied to one having an interest in or claim upon property less than absolute and unqualified title. The word 'owner' has no fixed meaning, but must be interpreted in its context and according to the circumstances in which it is used." *Continental Casualty Co.*, 16 Wis. 2d at 193. The court held that where a truck lease provided that the lessee would have exclusive possession, control and use of the leased equipment and also assumed all legal liabilities in connection with that use, the lessee was the "owner." MEI is similarly situated in this case. Its lease with Van Boxtel required it to indemnify Van Boxtel for all liability in connection with the car's use, to insure it and bear all risks of loss, as well as all expenses of operation and maintenance. In addition, the car was specifically listed in the schedule of "Covered

Autos You Own" in the Sentry policy. We hold that the automobile involved in the accident was owned by MEI for purposes of the Sentry policy.

*By the Court.*—The decision of the court of appeals is affirmed.