Mary L. GULMIRE, Plaintiff-Appellant,

CASUALTY INSURANCE COMPANY, Intervening-
Plaintiff-Respondent,

v.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,†
State Farm Mutual Automobile Insurance Com-
pany, State Farm Fire and Casualty Company,
and Floyd E. Klister, Defendants-Respondents.

Court of Appeals

*No. 03–1199. Submitted on briefs October 13, 2003.—
Decided December 23, 2003.*

2004 WI App 18

(Also reported in 674 N.W.2d 629.)

† Petition to review denied 3-23-04.

502

503

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Avram D. Berk* and *Jolene D. Schneider* of *Peterson, Berk & Cross, S.C.* of Appleton.

On behalf of the defendants-respondents, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, the cause was submitted on the brief of *Jonathan M. Menn* of *Menn, Teetaert & Beisenstein, Ltd.* of Appleton.

On behalf of the defendant-respondent, St. Paul Fire & Marine Insurance Company, the cause was submitted on the brief of *Stephen W. Pasholk* and *Ellen L. Wiesner* of *Hogan, Ritter, Minix & Pasholk* of Waukesha.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. Mary Gulmire appeals a summary judgment granted in favor of State Farm Fire and

Marine Insurance Company and State Farm Fire and Casualty Company (collectively "State Farm"), and a declaratory judgment granted to St. Paul Fire and Marine Insurance Company. Gulmire claims that various exclusions in State Farm's personal automobile insurance policy and in St. Paul's commercial automobile insurance policy either do not apply or, alternatively, if they do apply there is a violation of the omnibus statute, WIS. STAT. § 632.32.[1]

¶ 2. As to State Farm, we hold that the "non-owned vehicle" exclusion is not prohibited by the omnibus statute and precludes coverage. As to St. Paul, we do not address the issue of whether the exclusions conflict with the omnibus statute because we hold that none of them bars coverage due to the "separation of protected persons" provision. Accordingly, we affirm the summary judgment and reverse the declaratory judgment.

## BACKGROUND

¶ 3. On August 16, 1999, Gulmire was injured when she was hit by a vehicle operated by Floyd Klister on the premises of their employer, Fox Valley Auto Auction. At the time of the incident, both Gulmire and Klister were acting in the course of their employment. The vehicle Klister operated was a Dodge Colt titled in the name of Fox Valley Wholesale Company. Pursuant to WIS. STAT. § 102.03(2), Gulmire commenced an action against Klister, State Farm (Klister's personal automobile insurer), and St. Paul (Fox Valley Auto Auction's

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

commercial automobile liability insurer) for Klister's negligent operation of a motor vehicle.[2]

¶ 4. State Farm moved for summary judgment. Its automobile policy provided coverage for damages Klister was legally obligated to pay because of bodily injury to others caused by accident and resulting from the ownership, maintenance or use of Klister's personal automobile, a 1996 Oldsmobile Cutlass. However, State Farm claimed a "non-owned vehicle" exclusion barred coverage. The exclusion stated, "[t]here is no coverage for non-owned cars . . . while . . . being . . . used by any person while that person is working in any car business." Gulmire argued the exclusion violated the omnibus statute, specifically Wis. Stat. § 632.32(6)(b)2.a.[3]

¶ 5. The trial court determined the exclusion barred coverage and concluded this did not violate the omnibus statute. Because the automobile insurance did not afford coverage, the court also concluded State Farm's umbrella policy was inapplicable.

---

[2] Worker's compensation is generally an injured employee's exclusive remedy against the employer, any other employee of the same employer, and the worker's compensation insurance carrier. Wis. Stat. § 102.03(2). However, § 102.03(2) states the exclusive remedy provision "does not limit the right of an employee to bring action against . . . a coemployee for negligent operation of a motor vehicle not owned or leased by the employer."

[3] Wisconsin Stat. § 632.32(6)(b)2.a states: "(b) No policy may exclude from the coverage afforded or benefits provided: ... 2.a. Any person who is a named insured or passenger in or on the insured vehicle, with respect to bodily injury, sickness or disease, including death resulting therefrom, to that person."

¶ 6. St. Paul asked for a declaratory judgment that it was not obligated to defend or indemnify Klister for the accident. St. Paul's commercial automobile liability policy provided coverage to "protected persons" for damages they are legally obligated to pay for bodily injury that results from the use of a covered automobile. It is undisputed that Klister was a protected person and that the vehicle involved in the accident, the Dodge Colt, was a covered automobile. However, St. Paul raised three exclusions: the "fellow employee" exclusion, the "employer's liability" exclusion, and the "worker's compensation" exclusion.

¶ 7. Gulmire claimed that the exclusions did not apply. She contended the worker's compensation exclusion was inapplicable because she was not seeking to recoup worker's compensation costs, but rather was suing Klister for the negligent operation of a motor vehicle. She argued the fellow employee and the employer's liability exclusions should not apply because of the "separation of protected persons" provision. Gulmire claimed the provision functioned to separate Klister from the other insureds and to treat him as if he was the only named insured. Therefore, she concluded the fellow employee and the employer's liability exclusions did not apply because Klister did not employ Gulmire. Alternatively, Gulmire maintained that if the exclusions nevertheless barred coverage, the omnibus statute was violated.

¶ 8. The trial court concluded the fellow employee exclusion barred coverage. It acknowledged the separation of protected persons provision required Klister to be treated as if he was the only named insured. However, it concluded the fellow employee exclusion nevertheless applied and that this was lawful. Gulmire appeals.

509

¶ 9. When reviewing a summary judgment, we perform the same function as the trial court, making our review de novo. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). Summary judgment must be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Wis. Stat. § 802.08(2). The summary judgment requires an interpretation of the omnibus statute and State Farm's insurance policies. These present questions of law we also review de novo. *See Hull v. State Farm Mut. Auto. Ins. Co.,* 222 Wis. 2d 627, 636, 586 N.W.2d 863 (1998).

¶ 10. Finally, the grant or denial of a declaratory judgment is addressed to the trial court's discretion. *Jones v. Secura Ins. Co.,* 2002 WI 11, ¶ 19, 249 Wis. 2d 623, 638 N.W.2d 575. However, when the exercise of such discretion turns upon a question of law, we review the question de novo, benefiting from the trial court's analysis. *Id.* Here, the issue turns upon the construction of St. Paul's insurance contract, an exercise that presents a question of law we independently review. *See Folkman v. Quamme,* 2003 WI 116, ¶ 12, 264 Wis. 2d 617, 665 N.W.2d 857.

I. STATE FARM AUTOMOBILE LIABILITY INSURANCE POLICY

¶ 11. Klister's State Farm automobile liability insurance policy contains a "non-owned vehicle" exclu-

sion. It states, "[t]here is no coverage for non-owned cars . . . while . . . being . . . used by any person while that person is working in any car business." Gulmire has not raised any issue regarding the applicability of the exclusion by its plain terms. Instead, she narrowly argues the exclusion contravenes the omnibus statute, WIS. STAT. § 632.32(6)(b)2.a.

¶ 12. Generally speaking, the omnibus statute is remedial in nature and is to be construed broadly. *Home Ins. Co. v. Phillips*, 175 Wis. 2d 104, 111, 499 N.W.2d 193 (Ct. App. 1993). Its purpose is to afford compensation to victims of automobile accidents. *Id.* However, the omnibus statute specifically authorizes insurers to incorporate exclusions that limit coverage connected with automobile accidents. *See* WIS. STAT. § 632.32(5)(e).[4] To determine if an exclusion violates the omnibus statute, we apply a two-part test. *Mau v. North Dakota Ins. Reserve Fund*, 2001 WI 134, ¶ 32, 248 Wis. 2d 1031, 637 N.W.2d 45. First, we look to § 632.32(6) to decide whether the exclusion falls within one of the enumerated prohibitions. *Id.* If it does, the matter is resolved. *Id.* If not, we then consider whether any other applicable law proscribes the exclusion. *Id.*

¶ 13. Turning to the first part of the test, Gulmire argues the exclusion is prohibited by WIS. STAT. § 632.32(6)(b)2.a. That section states: "No policy may exclude from the coverage afforded or benefits provided: ... Any person who is a named insured or passenger in or on the insured vehicle, with respect to

---

[4] WISCONSIN STAT. § 632.32(5)(e) reads: "A policy may provide for exclusions not prohibited by sub. (6) or other applicable law. Such exclusions are effective even if incidentally to their main purpose they exclude persons, uses or coverages that could not be directly excluded under sub. (6)(b)."

bodily injury, sickness or disease, including death resulting therefrom, to that person." The plain language of this prohibition reveals that it invalidates an exclusion only when all of the following circumstances are present: (1) the person excluded must be a named insured or a passenger; (2) the named insured or passenger must have been in or on the insured vehicle; and (3) "that person," either the named insured or passenger, must have sustained injuries while being in or on the insured vehicle. *See id.*

¶ 14. The non-owned vehicle exclusion is not prohibited by Wis. Stat. § 632.32(6)(b)2.a. Again, the exclusion states, "[t]here is no coverage for non-owned cars . . . while . . . being . . . used by any person while that person is working in any car business." It is evident that the exclusion only seeks to bar coverage for non-owned vehicles under given circumstances. However, § 632.32(6)(b)2.a only prohibits excluding coverage for certain individuals relating to the insured vehicle. Thus, considering that the exclusion bars coverage for a non-owned vehicle, it is not prohibited by § 632.32(6)(b)2.a.

¶ 15. Gulmire argues Wis. Stat. § 632.32(6)(b)2.a does more. She argues the phrase "coverage afforded" implies a general right of the named insured to indemnity. In support of her position, she cites *Davison v. Wilson*, 71 Wis. 2d 630, 641, 239 N.W.2d 38 (1976). We are not persuaded. *Davison* held that "coverage afforded" did not imply a right to indemnity because interpreting the statute in that manner would lead to an absurd result. *Id.* The supreme court recognized that "under such interpretation, there could be no exclusion, for whatever reason, of the coverage afforded to a named insured." *Id.* Thus, § 632.32(6)(b)2.a does not imply a right of the named insured to indemnity for

anything other than bodily injuries the insured or passenger sustained in the insured vehicle.

¶ 16. We now turn to the second part of the test to determine if other applicable law renders the non-owned vehicle exclusion unlawful. An exclusion is valid "[w]hen a named insured and all additional insureds are excluded in reference to some risk of coverage not required by public policy or statute." *Bertler v. Employers Ins.*, 86 Wis. 2d 13, 25, 271 N.W.2d 603 (1978). Gulmire points to no statute that requires insurance companies to insure all non-owned vehicles. Thus, this part of the test centers on public policy considerations.

¶ 17. Gulmire argues that the public policy grounding tort law and the purpose of the omnibus statute, when considered together, require invalidating the exclusion. She notes that WIS. STAT. § 102.03(2) gives an injured employee the right to bring an action against a co-employee for negligent operation of a motor vehicle. However, she claims that application of the non-owned vehicle exclusion results in an uninsurable risk for Klister and, somehow, a windfall to State Farm.[5] Because it is the policy of tort law to provide compensation for persons injured by negligent conduct, *Heath v. Zellmer*, 35 Wis. 2d 578, 600, 151 N.W.2d 664 (1967), and because it is the duty of the courts to further the public policy behind the law, *id.*, she argues the exclusion should be struck. We are not swayed.

---

[5] Gulmire has not offered any reasons why State Farm would enjoy a windfall should the exclusion apply to this case. Given the inadequate development of this argument, we decline to address it further. *See State v. Flynn*, 190 Wis. 2d 31, 58, 527 N.W.2d 343 (Ct. App. 1994).

¶ 18. Just because it is the general public policy of tort law and the omnibus statute to provide compensation to victims of the negligent operation of automobiles, we cannot rewrite the plain language of a policy to create coverage for a risk that was never contemplated by the parties. *See Maas v. Ziegler*, 172 Wis. 2d 70, 79, 492 N.W.2d 621 (1992). This maxim is grounded in an alternative, and in this case competing, public policy favoring freedom of contract. *See Bertler*, 86 Wis. 2d at 25–26. This freedom will be preserved unless we are presented with overriding reasons for depriving the parties of that freedom. *Id.* at 25–26.

¶ 19. With these public policies in the balance, we see no overriding reason to deprive State Farm from its freedom of contract. While it is true that enforcing the exclusion in this case results in an uninsured risk for Klister, and could possibly deprive Gulmire of her legal right to be made whole, the public policy surrounding freedom of contract must overcome these considerations. If we accepted Gulmire's argument that the public policy surrounding torts should trump the insurance policy's exclusion, the implications would be enormous: any exclusion limiting the named insured's coverage would be eliminated. *See Davison*, 71 Wis. 2d at 641. This bizarre result would prevent insurers from ever limiting their risk by contractual terms. To avoid this absurdity, we decline to accept Gulmire's argument and conclude the exclusion meets the second part of the test. Because the exclusion passes both parts of the omnibus/exclusion test, it is valid and operates to bar coverage.

## II. State Farm Umbrella Policy

¶ 20. Klister's State Farm umbrella policy also does not afford coverage. The policy contains the following "business pursuits" exclusion: "We will not provide insurance . . . for any loss caused by your business operations or arising out of business property."

¶ 21. Gulmire does not dispute that the accident was caused by business operations. Instead, she argues an exception to the exclusion precludes its application, thereby extending coverage for the accident. This exception states: "[The business pursuits] exclusion does not apply to a private automobile . . . when used for business if: (1) your underlying policy applies to the loss; and (2) the private automobile . . . is not for hire either for the use of others or for carrying the property of others." However, because we conclude that the underlying insurance does not apply to the accident, the exception is inapplicable. Therefore, the business pursuits exclusion bars coverage as well.

## III. St. Paul Commercial Automobile Liability Policy

### A. *Who Is Covered Under The Policy*

¶ 22. St. Paul issued a commercial automobile liability policy to Gerald Sheriff, d/b/a Fox Valley Auto Auction and Fox Valley Wholesale Company.[6] The policy affords liability coverage to various "protected persons" for bodily injury or property damage that results from the use of a covered automobile. Under the "Who Is Protected Under This Agreement" section, a protected

---

[6] The parties treat Sheriff, Fox Valley Auto Auction and Fox Valley Wholesale as three separate insureds and therefore we will do the same for our analysis.

person includes, but is not limited to, the named insureds listed on the policy's introduction (Sheriff, Fox Valley Auto Auction and Fox Valley Wholesale) and "any permitted user." A permitted user is "[a]ny person or organization to whom you've given permission to use a covered auto you own, rent, lease, hire or borrow." "You" is defined as any of the three named insureds listed on the introduction. It is undisputed that Klister was driving a covered automobile owned by Fox Valley Wholesale with permission at the time of the accident. Klister, therefore, is a protected person under the policy.

¶ 23. St. Paul argues that even though Klister is a protected person, various exclusions—the fellow employee exclusion, the employer liability exclusion, and the worker's compensation exclusion—bar coverage. Gulmire claims the exclusions do not apply after application of the "separation of protected persons" provision. Because of this provision, Gulmire argues Klister becomes a separate and distinct insured under his own policy; thus, the various exclusions will not apply. We agree.

*B. The "Separation of Protected Persons" Provision*

¶ 24. The separation provision states:

We'll apply this agreement:

- to each protected person named in the Introduction as if that protected person was the only one named there; and

- separately to each other protected person.

However, the limit of coverage shown in the Coverage Summary is shared by all protected persons. . . .

516

The separation clause takes effect after an individual has been declared a protected person. In other words, the separation clause does not create or extend coverage to a protected person; that is the function of the "Who Is Protected Under This Agreement" section. Instead, the separation provision only concerns how the particular protected person is to be treated throughout the policy.

¶ 25. The issue here concerns how the separation provision operates. We construe insurance policies "to give effect to the intent of the parties, expressed in the language of the policy itself." *Danbeck v. American Family Mut. Ins. Co.*, 2001 WI 91, ¶ 10, 245 Wis. 2d 186, 629 N.W.2d 150. We interpret the policy's language from the standpoint of a reasonable insured. *Id.* "Where the language of the policy is plain and unambiguous, we enforce it as written, without resort to rules of construction or principles in case law." *Id.*

¶ 26. The plain language of the separation provision indicates it effectively creates several policies from the original policy. The first clause of the separation provision deals with the protected persons named in the introduction. These are the named insureds: Sheriff, Fox Valley Auto Wholesale and Fox Valley Auto Auction. The separation provision applies the policy to each named insured as if that insured was the only named insured. That is, if all three of the named insureds sought coverage under the policy, the separation provision would literally sever the agreement into three distinct policies, one for Sheriff, another for Fox Valley Wholesale, and the final to Fox Valley Auction. The limits of coverage, though, would not be multiplied by the severance.

¶ 27. The second clause of the separation provision states that the agreement will be applied "separately to each other protected person." Klister is an "other protected person"; hence, he falls within this clause. The term "separately" is not defined in the policy. Because we interpret insurance policies from the standpoint of a reasonable insured, we look to the ordinary lay dictionary to determine what a reasonable insured would understand this term to mean. *See Just v. Land Reclamation, Ltd.*, 155 Wis. 2d 737, 745, 456 N.W.2d 570 (1990) ("When determining the ordinarily understood meaning of a word or phrase, it is appropriate to look to definitions in a recognized dictionary.").

¶ 28. "Separately" means "in a separate manner : individually, independently," WEBSTER'S THIRD NEW INT'L DICTIONARY 2070 (unabr. 1993), and "separate" means "to set or keep apart : detach." *Id.* at 2069. Therefore, Klister is treated in an independent manner such that he is detached from all other protected persons. Like the named insureds being treated individually as if each was the only named insured, each other protected person is also treated in the same manner; that is, as if that protected person was the only named insured. Consequently, Klister is treated as if he was the named insured in his own policy.[7] With this conclusion at hand, we now turn to the exclusions.

---

[7] While we need not look any further than the plain language of the policy, we note that our interpretation of the separation clause finds support in *Atchison, Topeka & Santa Fe Railway Co. v. St. Paul Surplus Lines Insurance Co.*, 767 N.E.2d 827, 830–31 (Ill. App.3d 2002). There, the Illinois Appellate-

## C. Exclusions

### 1. The Fellow Employee Exclusion

██

¶ 29. St. Paul first raises the fellow employee exclusion. The exclusion states:

> We won't cover bodily injury to a fellow employee of any protected person arising out of and in the course of the fellow employee's employment by you.

Court held that the exact same severability clause at issue in this case severed the insurance policy to create separate and distinct policies for each protected person. In that case, Santa Fe contracted with ITS, an independent contractor, for various work responsibilities on Santa Fe's terminal yards. *Id.* at 828. The underlying claims relevant to this discussion involved two ITS employees that were injured when their truck was pushed into one of Santa Fe's trains. *Id.* at 829. They sued Santa Fe.

St. Paul Surplus Lines Insurance Company, Santa Fe's insurer, moved for a declaratory judgment that the insurance policy did not afford coverage due to an employer's liability exclusion. The exclusion stated, "[w]e won't cover bodily injury to an employee arising out of and in the course of his or her employment by a protected person." *Id.* at 828. Because ITS was "a protected person," St. Paul claimed the exclusion barred coverage for Santa Fe. *Id.* at 830–31.

Santa Fe countered that the separation clause provided each protected person with a separate insurance policy. *Id.* at 830. Santa Fe, then, became the only protected person in its policy. As a result, "a protected person" in the employer's liability exclusion referred only to Santa Fe, and could not include ITS. Because Santa Fe did not employ the plaintiff-employees, the exclusion did not bar coverage. *Id.* The court agreed.

It is undisputed that Gulmire was a fellow employee of Klister and that her injuries arose out of and occurred in the course of her employment. If that were all the exclusion called for, we would agree with the trial court and St. Paul that the exclusion bars coverage. However, the exclusion demands more. It requires Gulmire's injuries to arise out of and occur in the course of her employment "by you." These modifying words are what create difficulty. After applying the separation provision it is apparent that the exclusion cannot be applied, for it now reads:

> We won't cover bodily injury to a fellow employee [Gulmire] of any protected person [Klister] arising out of and in the course of the fellow employee's [Gulmire's] employment by you [Klister].

Gulmire was employed by Fox Valley Auto Auction, not by Klister. Thus, the exclusion does not bar coverage.[8]

---

The court held "that the separation clause contained in the St. Paul policy provides separate coverage for Santa Fe and for ITS as if each was separately insured with a distinct policy." *Id.* at 831. Accordingly, there were two insurance policies providing separate coverage for separate insureds, one for Santa Fe and another for ITS. *See id.* With this being the case, the court rejected St. Paul's argument that the exclusion applied because "a protected person," namely ITS, was the employer of the injured employees. Because Santa Fe had its own distinct policy, it was the only insured, thus the only "protected person," for purposes of that policy. *See id.* Therefore, the employer exclusion did not apply because Santa Fe, again, the only insured in its policy, did not employ the injured employees. *Id.*

[8] Had the "by you" language been omitted, our focus would have been limited to (1) whether Gulmire and Klister had a common employer (which they did) and, (2) whether Gulmire's injuries arose out of and occurred in the course of her employ-

## 2. The Employer's Liability Exclusion

¶ 30. St. Paul next advances the employer's liability exclusion. This exclusion provides:

> We won't cover bodily injury to an employee arising out of his or her employment by a protected person.

Applying the separation provision, the exclusion now reads:

> We won't cover bodily injury to an employee [Gulmire] arising out of his or her employment by a protected person [Klister].

Again, Klister did not employ Gulmire. Therefore, the exclusion is inapplicable.

## 3. The Worker's Compensation Exclusion

¶ 31. Finally, St. Paul offers the worker's compensation exclusion. The exclusion states:

> We won't cover any obligation that the protected person has under a workers' compensation . . . law.

ment (which they had). Under such circumstances, the exclusion would have barred coverage regardless of the separation clause.

These two steps are generally all that is required by a fellow employee exclusion. *See, e.g., Maas v. Ziegler*, 172 Wis. 2d 70, 77, 492 N.W.2d 621 (1992); *Dahm v. Employers Mut. Liab. Ins. Co.*, 74 Wis. 2d 123, 126, 246 N.W.2d 131 (1976); *Holmgren v. Strebig*, 54 Wis. 2d 590, 595, 196 N.W.2d 655 (1972); *Baker v. DePew*, 860 S.W.2d 318, 321 (Mo. 1993). The exclusion at hand, however, forces Gulmire, the injured fellow employee, to be employed by a certain person. In light of the separation provision, that person is Klister. Because he did not employ Gulmire, the exclusion does not bar coverage.

In light of the separation provision, the exclusion now states:

> We won't cover any obligation that the protected person [Klister] has under a workers' compensation . . . law.

This exclusion does not apply. Klister, as a non-employer, does not have any obligation under worker's compensation. *See* Wis. Stat. § 102.03 and 102.04. Besides, Gulmire is not seeking worker's compensation. Instead, she has brought a claim under § 102.03(2) for a co-employee's negligent operation of a motor vehicle. Thus, the exclusion has no bearing on this action. *See Severin v. Luchinske*, 271 Wis. 378, 383, 73 N.W.2d 477 (1955).

### D. Non-Absurd Result

¶ 32. Some could argue that our conclusion produces an absurd result. *See Capital Invs. v. Whitehall Packing Co.*, 91 Wis. 2d 178, 193, 280 N.W.2d 254 (1979) (obligation of courts in construing contracts to avoid unusual and extraordinary interpretations that lead to absurd results). Klister, an additional insured (who becomes the named insured), is granted greater coverage than the actual named insureds, Sheriff, Fox Valley Auto Wholesale, and Fox Valley Auto Auction, would have under the same circumstances.

¶ 33. The South Dakota Supreme Court recognized this problem in *St. Paul Fire & Marine Insurance Co. v. Schilling*, 520 N.W.2d 884 (S.D. 1994). There, the court held it would not support an interpretation of the same separation provision at issue in this case that created separate insurance policies for all protected persons. *Id* . at 889. The court's conclusion rested on the premise that a permittee user, that is, an additional

insured, cannot have more coverage under the policy than the named insured. *Id.*

¶ 34. In Wisconsin, however, we have allowed for this result. In *United States Fidelity & Guaranty Co. v. PBC Productions*, 153 Wis. 2d 638, 451 N.W.2d 778 (Ct. App. 1989), a co-employee's negligent use of an automobile case, we granted greater coverage to an additional insured by construing "the insured" in an employee exclusion to refer to the tortfeasor employee and not the employer. *Id.* at 642. In that case, PBC obtained business automobile insurance under a policy issued by USF&G. PBC gave permission to Larson to drive this vehicle. Wittliff was a passenger in the vehicle and was injured when it collided with another. Both Wittliff and Larson were PBC employees, and both were acting within the course of their employment when the accident occurred. Larson was an "insured" under the policy since he was driving PBC's van at the time of the accident with PBC's permission. *Id.* at 640. Wittliff sued USF&G for Larson's negligence.

¶ 35. USF&G denied coverage on the grounds that an employee exclusion barred coverage. *Id.* at 641–42. The employee exclusion stated:

C. WE WILL NOT COVER – EXCLUSIONS

> This insurance does not apply to:
>
> . . . .
>
> **Bodily injury** to **any employee of the insured** arising out of and in the course of his or her employment by the **insured**.

*Id.*

¶ 36. The issue on appeal concerned who "the insured" was. We observed that if the insured meant Larson, the tortfeasor co-employee, the exclusion would

not apply (and thus there would be coverage) because Larson did not employ Wittliff. *Id.* at 642. The exclusion would apply (thereby denying coverage), however, if the insured referred to the employer, PBC. *Id.*

¶ 37. The case did not involve a separation clause. Even in the absence of a separation clause, we still construed the insured to mean Larson, the tortfeasor co-employee. We stated:

> It is settled law in this state that when an employee seeks to recover for damages sustained as the result of a co-employee's negligence, and the co-employee is an insured under the employer's policy, the word "insured" in the exclusions at issue here refers to the co-employee tortfeasor, and *not* to the employer.

*Id.* at 642 (emphasis in original; citations omitted). Accordingly, the exclusion did not apply because Larson did not employ Wittliff.

¶ 38. *USF&G* stands for the proposition that an additional insured may receive greater coverage under a policy than the named insured. If Wittliff sued PBC, his employer and the named insured, for the accident, the exclusion clearly would have barred coverage. However, Wittliff sued USF&G for Larson's negligence. We nevertheless construed the "the insured" language in the exclusion to mean Larson, the co-employee and additional insured, and not PBC, the employer and named insured. The effect of this construction was to grant greater coverage to an additional insured than would have been afforded to the named insured. In view of *USF&G*, construing the separation provision in the case at hand in a manner that allows an additional insured to receive greater coverage than the named insured does not produce an absurd result.

## IV. CONCLUSION

¶ 39. State Farm is entitled to summary judgment. The non-owned vehicle exclusion does not violate the omnibus statute, and because the underlying automobile insurance does not apply, the umbrella policy similarly does not afford coverage. With regard to St. Paul, the trial court's order granting declaratory judgment to St. Paul is based· on an error of law. The separation provision treats Klister individually, as if he was the only named insured; therefore, none of the exclusions bars coverage. The declaratory judgment is consequently reversed.[9]

*By the Court.*—Judgments affirmed in part; reversed in part and cause remanded. No costs on appeal.

---

[9] Alternatively, we could arrive at the same result by a different analysis. We recognize that our construction of the separation provision has the effect of superseding the policy's definition of "you." We acknowledge that nothing in the policy expressly requires that the separation clause must be given effect at the expense of a policy's definition. One might just as easily conclude that an express definition supersedes the separation provision. Because of this apparent irreconcilable inconsistency, we could also conclude that the policy is ambiguous. *See Folkman v. Quamme*, 2003 WI 116, ¶ 29, 264 Wis. 2d 617, 665 N.W.2d 857. Because ambiguities are construed against the insurer in favor of coverage, *Brunson v. Ward*, 2001 WI 89, ¶ 12, 245 Wis. 2d 163, 629 N.W.2d 140, our result would be the same under this analysis.