Lois E. NISCHKE and Donald L. Nischke, Plaintiffs-Joint-Appellants,†

v.

AETNA HEALTH PLANS, a/k/a Aetna Life Insurance Company, Defendant-Joint-Appellant,†

PARTNERS MUTUAL INSURANCE COMPANY, Defendant-Respondent,

Victor A. BARRON, Michelle F. Garfield, 1st Auto & Casualty Insurance Company and American Family Mutual Insurance Company, Defendants.

Court of Appeals

*No. 2008AP807. Submitted on briefs October 14, 2008.
—Decided November 4, 2008.*

2008 WI App 190

(Also reported in 763 N.W.2d 554.)

† Petition to review denied 3/17/09.

774

On behalf of the plaintiffs-joint appellants, and defendant-joint appellant, the cause was submitted on the briefs of *Vance M. Waggoner*, Oconto Falls, and *Robert Hornik* of *Rausch, Sturm, Israel & Hornik, S.C.*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Michael S. Siddall* and *Andrew J. Rossmeissl* of *Herrling Clark Law Firm Ltd.*, Appleton.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. HOOVER, P.J. Lois and Donald Nischke[1] appeal a judgment determining there is no uninsured motorist coverage available under their automobile

---

[1] We will refer to Lois as "Nischke" and Donald by his first name as necessary. Also, one of the Nischkes' insurers, Aetna

insurance policy from Partners Mutual Insurance Company. The Nischkes assert that a "drive other car" exclusion, which Partners invoked to deny coverage, is contrary to WIS. STAT. § 632.32(6)(b)2.a.[2] We conclude the exclusion is permitted under and consistent with § 632.32(5)(j) and we affirm the judgment.

## Background

¶ 2.  On September 23, 2003, Nischke was driving a vehicle owned by her mother-in-law, Dorothy, who lives with the Nischkes. Victor Barron ran a stop sign and struck Nischke. The collision pushed her into oncoming traffic, where she was struck by Michelle Garfield's vehicle. Barron was uninsured.

¶ 3.  At the time, Dorothy was the named insured on an American Family Mutual Insurance Company policy. She carried uninsured motorist coverage limits of $25,000 per person/$50,000 per accident. Nischke and Donald were insured by Partners and had uninsured motorist coverage of $100,000/$300,000. Nischke filed suit against American Family and Partners, seeking uninsured motorist payments under both policies. Partners moved for a declaratory judgment that there was no coverage based on the "drive other car" exclusion. The circuit court agreed and granted Partners' motion, dismissing it from the case. The Nischkes appeal.

## Discussion

¶ 4.  The facts here are undisputed; the case hinges on a question of statutory interpretation, which

Health Plans, is a joint appellant because of its subrogation interest, although we do not refer to Aetna in the main text of the opinion.

[2] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

presents a question of law. *Hutson v. State Pers. Comm'n*, 2003 WI 97, ¶ 31, 263 Wis. 2d 612, 665 N.W.2d 212. Thus, whether this case involves a declaratory judgment or a summary judgment,[3] our standard of review is de novo. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–17, 401 N.W.2d 816 (1987) (summary judgment); *J.G. v. Wangard*, 2008 WI 99, ¶ 18, 313 Wis. 2d 329, 753 N.W.2d 475 (de novo review when discretionary decision to grant or deny declaratory relief depends on question of law).

¶ 5. The "drive other car" exclusion in Partners' policy is found in the section on uninsured and under-insured motorists and states:

1. **We** do not cover **bodily injury** to a person:

a. **While occupying,** or when struck by, a **motor vehicle** that is not insured under this Part if it is owned by **you** or any resident of **your** household.

Partners sought to apply this exception because Nis-chke was occupying a vehicle not insured under the policy and owned by a resident of her household. Nischke contends this exclusion violates a statutory prohibition on clauses which "exclude from the coverage afforded or benefits provided . . . [any] person who is a named insured . . . ." *See* Wis. Stat. § 632.32(6)(b)2.a.

---

[3] The procedural posture of Partners' motion is slightly murky. The court entered a memorandum opinion granting the declaratory judgment motion, holding there was no coverage. It then entered an order for judgment and a judgment dismissing Partners from the case, but both of these documents referenced the court's prior grant of *summary,* not declaratory, judgment. We were thus prepared to conclude the court had treated Partners' motion as one for summary judgment, but in subsequently denying Partners' request for costs, the circuit court invoked the declaratory judgment statute. Appeal was properly taken from either, and our standard of review is the same for both situations.

¶ 6.    When we interpret statutes, we view them in their context, not in isolation. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 110. Thus, we begin with the whole of Wis. Stat. § 632.32. This statute details required, permissible, and prohibited provisions for insurance policies delivered in Wisconsin. Subsection (5) includes the permissible provisions; subsection (6) details the prohibited provisions.

¶ 7.    Wisconsin Stat. § 632.32(5)(e) states: "A policy may provide for exclusions not prohibited by sub. (6) or other applicable law. Such exclusions are effective even if incidentally to their main purpose they exclude persons, uses or coverages that could not be directly excluded under sub. (6) (b)." Based on § 632.32(5)(e), the supreme court has fashioned a two-step test to determine the validity of a given exclusion. *Blazekovic v. City of Milwaukee*, 2000 WI 41, ¶ 12, 234 Wis. 2d 587, 610 N.W.2d 467. First, we look at § 632.32(6) and determine whether the exclusion fits one of the prohibitions. *Id.*, ¶ 13. If it does, the exclusion is invalid and the analysis terminates. If the exclusion is not invalid under sub. (6), we look to see if any "other applicable law" prohibits it. *Id.*

¶ 8.    Wisconsin Stat. § 632.32(6) states, in relevant part:

> (b) No policy may exclude from the coverage afforded or benefits provided:
>
> . . . .
>
> 2. a. Any person who is a named insured or passenger in or on the insured vehicle, with respect to bodily injury, sickness or disease, including death resulting therefrom, to that person.

Nischke contends Partners' exclusion here is invalid because it violates the prohibition on policies excluding coverage for a named insured's bodily injury.

¶ 9. We are not convinced that WIS. STAT. § 632.32(6)(b)2.a. works as Nischke posits.[4] In *Blazekovic*, the supreme court dealt with a "drive other car" exclusion. It began the analysis under the two-prong test, but did not hold that any portion of § 632.32(6) prohibited the exclusion.[5] *Blazekovic*, 234 Wis. 2d 587, ¶ 13. Instead, the court proceeded to the second step, analyzing whether "other applicable law" invalidated the exclusion. *Id.*, ¶ 14.

¶ 10. The court noted that, historically, the purpose underlying uninsured motorist coverage—compensating injured victims—was used to invalidate

---

[4] In *Gulmire v. St. Paul Fire and Marine Ins. Co.*, 2004 WI App 18, ¶ 13, 269 Wis. 2d 501, 674 N.W.2d 629 (2003), we noted the plain language of WIS. STAT. § 632.32(6)(b)2.a. required, among other things, that "the named insured or passenger must have been in or on the insured vehicle." If true, we could end our analysis here, because Nischke was not in her insured vehicle. However, in *Mau v. North Dakota Insurance Reserve Fund*, 2001 WI 134, 248 Wis. 2d 1031, 637 N.W.2d 45, the supreme court evaluated a policy provision and commented: "We do not look to or apply the phrase, 'or passenger in or on the insured vehicle' in WIS. STAT. § 632.32(6)(b)2.a., because this phrase does not modify 'named insured.' " *Mau*, 248 Wis. 2d 1031, ¶ 34 n.16. We are compelled to abide by *Mau*, *Gulmire* notwithstanding, and we thus proceed with our analysis.

[5] This might be because the parties agreed the exclusion did not fall under WIS. STAT. § 632.32(6). *Blazekovic v. City of Milwaukee*, 2000 WI 41, ¶ 14, 234 Wis. 2d 587, 610 N.W.2d 467. However, the question was one of law, so the court was not bound by parties' concessions of law. *See Ferdon v. Wisconsin Patients Comp. Fund*, 2005 WI 125, ¶ 50, 284 Wis. 2d 573, 701 N.W.2d 440.

various "drive other car" exclusions. *Id.*, ¶¶ 11, 19. In 1995, however, the legislature had enacted various new statutory provisions, including WIS. STAT. § 632.32(5)(j), which states:

> A policy may provide that any coverage under the policy does not apply to a loss resulting from the use of a motor vehicle that meets all of the following conditions:
>
> 1. Is owned by the named insured, or is owned by the named insured's spouse or a relative of the named insured if the spouse or relative resides in the same household as the named insured.
>
> 2. Is not described in the policy under which the claim is made.
>
> 3. Is not covered under the terms of the policy as a newly acquired or replacement motor vehicle.

¶ 11. The court rejected an argument that WIS. STAT. § 632.32(5)(j) was meant to authorize all "drive other car" exclusions. *Blazekovic*, 234 Wis. 2d 587, ¶ 20. Instead, the court concluded, that paragraph is "validation of a specific 'drive other car' exclusion." *Id.*, ¶ 31. Thus, the *Blazekovic* court ultimately invalidated the "drive other car" exclusion because it failed to conform to § 632.32(5)(j), not because it was prohibited under § 632.32(6).[6] *Blazekovic*, 234 Wis. 2d 587, ¶ 42.

---

[6] Nischke would have us apply *Mau* instead. There, the supreme court invalidated part of an endorsement that required a rental car lessee to be occupying the rental vehicle in order to be considered an insured driver. The court concluded this condition violated WIS. STAT. § 632.32(6)(b)2.a. because it excluded a named insured from coverage. *Mau*'s policy language fundamentally differs from the language here and, further, *Mau* specifically acknowledges a "drive other car" exclusion is valid if it comports with § 632.32(5)(j). *Mau*, 248 Wis. 2d 1031, ¶ 36.

¶ 12. To the extent, however, that *Blazekovic* simply glossed over the first prong because of the parties' concessions, there is an arguable conflict between WIS. STAT. §§ 632.32(5)(j) and (6)(b)2.a. When two statutes on the same subject conflict, the more specific one controls. *Lorenson v. Siddiqui*, 2007 WI 92, ¶ 65, 302 Wis. 2d 519, 735 N.W.2d 55. Here, we have two statutes relating to "[p]rovisions of motor vehicle insurance policies." *See* WIS. STAT. § 632.32. But while WIS. STAT. § 632.32(6)(b)2.a. is a broad prohibition of exclusion types, § 632.32(5)(j) carves out a specific niche for narrowly tailored "drive other car exclusions." Indeed, § 632.32(6)(b)2.a. was already in effect when the legislature added § 632.32(5)(j) and, because we presume the legislature acts with full knowledge of existing statutes, *Peters v. Menard, Inc.*, 224 Wis. 2d 174, 187, 589 N.W.2d 395 (1999), it is reasonable to conclude that the legislature intended to use § 632.32(5)(j) to authorize certain specific, optional provisions that could be included in policies, the broad prohibitions of § 632.32(6) notwithstanding. This supposition is consistent with § 632.32(5)(e), which acknowledges some provisions will be acceptable even though they incidentally exclude coverages that § 632.32(6)(b) says may not be directly excluded.

¶ 13. Thus, the question becomes whether the "drive other car" exclusion in this case complies with WIS. STAT. § 632.32(5)(j). If it does, the exclusion is valid. If not, the exclusion fails under the second *Blazekovic* prong.

¶ 14. Nischke asserts Partners' exclusion fails to conform to WIS. STAT. § 632.32(5)(j) because of two

The endorsement was also invalid as a "drive other car" exclusion because it applied to a vehicle not owned by the insured or a relative in the household. *Id.*, ¶¶ 37–38.

ambiguities or conflicts. First, whereas the statute permits an exclusion for "loss resulting from the use of a motor vehicle" under the three specified conditions, the policy excludes a loss that arises "[w]hile occupying, or when struck by" a vehicle not insured under the policy *and* owned by the insured or a resident of the insured's household. Nischke concedes that "[t]o the extent that the policy exclusion applies to a loss 'while occupying' a particular vehicle, it may well cover the same type of activity by the insured as does the statute." But, she points out, the vehicle that struck her was *not* owned by someone in her household. Thus, Nischke posits, had she just been a pedestrian, and not also occupying Dorothy's vehicle, the "drive other car" exclusion would not apply.

¶ 15.   Nischke also contends the statute permits exclusion of a loss when the uninsured vehicle is operated by a spouse or relative living in the insured's household, but the policy excludes loss caused by any resident, whether a relative or not. Thus, Nischke asserts, both of these sections mean the "drive other car" exclusion is overbroad. We disagree.

■

¶ 16.   First, applying the exclusion to these facts, the exclusion is consistent with the statute. The loss arose from Nischke's occupation—her use—of a motor vehicle (1) owned by a relative of named insured, living in the named insured's household; (2) not described in the policy; and (3) not covered as a newly acquired or replacement car. In fact, Nischke conceded as much below.[7] It is irrelevant whether, had Nischke been a

---

[7] For this reason, we could also apply waiver to Nischke's argument, although she asserts the factual concession is not binding when we are deciding a legal question. However, the

pedestrian struck by Barron, the "drive other car" exclusion would not apply; it is always possible to imagine a set of facts where an exclusion is inapplicable, but we do not decide cases on hypothetical facts. *See Pension Mgmt., Inc. v. DuRose*, 58 Wis. 2d 122, 128, 205 N.W.2d 553 (1973).

¶ 17. More significantly, though, the insurance policy has a savings clause, which states, "Terms of this policy which are in conflict with the Wisconsin Statutes are changed to conform to those statutes." Thus, if we were to conclude the "drive other car" exclusion in this policy is overbroad, we could constrict it to comply with the statute. Again, however, under the present facts, such judicial construction is unnecessary.

¶ 18. Nischke makes a second, vague argument about the "personal and portable" nature of UM coverage. This concept was acknowledged in *Welch v. State Farm Mutual Automobile Insurance Company*, 122 Wis. 2d 172, 361 N.W.2d 680 (1985), which essentially held uninsured motorist coverage is available in all circumstances at all times, and was used to invalidate nearly all "drive other car" exclusions. However, *Welch* and its progeny pre-date the 1995 legislative changes. WISCONSIN STAT. § 632.32(5)(j) has not eviscerated the general prohibition against "drive other car" exclusions, but it does permit a particular type of "drive other car" exclusion. *Blazekovic*, 234 Wis. 2d 587, ¶ 22. The Partners policy contains the permitted exclusion.

*By the Court.*—Judgment affirmed.

facts that were conceded permit only one legal interpretation—a conclusion that the exclusion satisfies WIS. STAT. § 632.32(5)(j).