MILLER, Respondent, v. CARRIERS INSURANCE COMPANY, Appellant.

*No. 213. Submitted under sec. (Rule) 251.54 October 3, 1973.—Decided October 30, 1973.*
(Also reported in 211 N. W. 2d 508.)

For the appellant the cause was submitted on the briefs of *Wickhem, Consigny, Sedor, Andrews & Hemming, S. C.,* attorneys, and *Richard E. Hemming* and *Richard R. Grant* of counsel, all of Janesville.

For the respondent the cause was submitted on the brief of *Campbell, Brennan, Steil & Ryan, S. C.,* and *Mark L. Korb,* all of Janesville.

PER CURIAM. The affidavits on summary judgment reveal that the plaintiff was a passenger in a vehicle being used to shuttle employees of Janesville Auto Transport Company to the General Motors Assembly Division plant in Janesville, Wisconsin. The vehicle was being driven by a fellow employee of the transport company. During the trip plaintiff fell to the floor of the vehicle, suffering injuries. He alleges that the cause of his fall was a sudden stop by the driver. Plaintiff filed a workmen's compensation claim against the transport company and received compensation for his injuries.

The defendant is the transport company's insurance carrier, and its policy of insurance covers the vehicle in this case. Under the policy the unqualified word "insured" includes any person immediately responsible for the use of the vehicle covered under the policy if the use is with the permission of the named insured. There is no question that the driver of the vehicle is an "insured" under this definition.

The insurance policy contains the following exclusion from coverage:

"THIS POLICY DOES NOT APPLY: (1) to any obligation for which the insured may be held liable under any Workmen's Compensation or Employers' Liability law, or to any liability arising out of any bodily injury, sickness, disease or death of any employee of the insured arising out of and in the course of his employment."

The insurance company argues that because coverage would not be afforded if the suit were against the named insured, Janesville Auto Transport Company, the policy should not be construed to extend the coverage to an additional insured. The insurance company contends that the policy is designed to incorporate sec. 204.30 (3), Stats., the omnibus coverage statute, and that statute requires only that any additional insured be afforded the same protection as the named insured. We see no occasion to resort to the omnibus coverage statute, or to construe the policy. As applied to the facts of this case, the language of the policy is clear. The driver of the vehicle was an "insured" as defined under the policy. The plaintiff was not an employee of the driver. The policy exclusion relied on by the insurance company only excludes coverage when the liability arises out of injury to an employee of the "insured."

The order is affirmed.