Floyd BACKHAUS, Plaintiff-Appellant,

v.

Rhonda L. KRUEGER, Hawkeye-Security Ins. Co., a foreign corporation, and Milwaukee Mutual Insurance Co., a domestic corporation, Defendant,

Hubert J. KREUSER and the Home Insurance Company, a foreign corporation, Defendants-Respondents.†

Court of Appeals

No. 84-1611. Submitted on briefs August 7, 1985.—
Decided September 11, 1985.
(Also reported in 376 N.W.2d 377.)

† Petition to review denied.

For the plaintiff-appellant, the cause was submitted on the brief of *Joseph G. Doherty,* of *Bunk, Doherty & Griffin, S.C.* of West Bend.

For the defendants-respondents, the cause was submitted on the brief of *Michael L. Handley,* of *Handley & Britton* of Brookfield.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.   Floyd Backhaus appeals from a summary judgment dismissing his action against Hubert J. Kreuser and The Home Insurance Company. The trial court relied on the coemployee immunity language of sec. 102.03(2), Stats., in finding that Backhaus could not maintain this action against Kreuser and Home Insurance. We reverse because the governing insurance contract waived the statutory provision on coemployee immunity to the extent of the policy limits.

This action arises out of an automobile accident in which Backhaus, a Washington county employee, suffered injuries when he was struck by an automobile driven by Rhonda L. Krueger. At the time of the accident, Backhaus was a pedestrian working as part of a Washington county highway road crew. Kreuser, a coemployee of Backhaus, was operating a vehicle owned by Washington County and insured by Home Insurance. Kreuser's vehicle was traveling in the opposite direction of Krueger's. Backhaus alleged in his complaint that both Krueger and Kreuser negligently operated their respective vehicles and their negligence caused the accident.

Kreuser and Home Insurance moved for summary judgment claiming that sec. 102.03(2), Stats., barred an action by Backhaus against Kreuser, a coemployee. The trial court agreed and granted summary judgment.

The sole question before us is whether sec. 102.03(2), Stats., bars Backhaus's action against Kreuser or whether the governing insurance contract waived the coemployee immunity language of the statute.[1] The application of a statute to a set of facts presents a question of law, *Maxey v. Redevelopment Authority of Racine*, 120 Wis. 2d 13, 18, 353 N.W.2d 812, 815 (Ct. App. 1984), as does the interpretation of an insurance contract. *Katze v. Randolph & Scott Mutual Fire Insurance Co.*, 116 Wis. 2d 206, 212, 341 N.W.2d 689, 691 (1984). We will not repeat here the often cited procedure for reviewing summary judgment determinations. Suffice it to say again that the purpose of summary judgment is to obviate the need for a trial where there is no genuine issue as to any material fact. *Heck & Paetow Claim Service, Inc. v. Heck*, 93 Wis. 2d 349, 355, 286 N.W.2d 831, 834 (1980). In reviewing summary judgment decisions, we independently examine the record to determine whether any genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Maynard v. Port Publications, Inc.*, 98 Wis. 2d 555, 558, 297 N.W.2d 500, 502-03 (1980). We owe no deference to the trial court's resolution of issues of law. *Behnke v. Behnke*, 103 Wis. 2d 449, 452, 309 N.W.2d 21, 22 (Ct. App. 1981). A motion for summary judgment can be used to address issues of insurance policy coverage. *Germanotta v. National Indemnity Co.*, 119 Wis. 2d 293, 296, 349 N.W.2d 733, 735 (Ct. App. 1984). We conclude that Backhaus's action was not barred because the governing insurance contract

---

[1] In addition, Backhaus raises the constitutionality of sec. 102.03(2), Stats., and also claims a right to maintain the action as a third-party beneficiary of the insurance contract. In view of our decision as to waiver, we find it unnecessary to reach these issues. We also note, however, that the respondents' brief addresses only the constitutional issue and does not discuss the issue upon which we decide the case.

waived the coemployee immunity language of the statute to the extent of the policy limits.

Section 102.03(1), Stats., of the Worker's Compensation Act lists the necessary conditions for liability against an employer. Section 102.03(2) provides:

Where such conditions exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employe of the same employer and the worker's compensation insurance carrier. This section does not limit the right of an employe to bring action against any coemploye for an assault intended to cause bodily harm, or against a coemploye for negligent operation of a motor vehicle not owned or leased by the employer, or against a coemploye of the same employer to the extent that there would be liability of a governmental unit to pay judgments against employes under a collective bargaining agreement or a local ordinance.

Section 102.03(2), therefore, bars common-law recovery for damages caused by a negligent coemployee except under the circumstances described in the statute.

Washington county, the employer of both Backhaus and Kreuser, purchased a business automobile liability insurance policy from Home Insurance which provided that insurance coverage did not apply to "[b]odily injury to any fellow employee of the insured arising out of and in the course of his or her employment."[2] A special endorsement to the policy, however, specifically deleted the clause which excluded coverage for injuries to coemployees. The endorsement stated:

In consideration of the premium charged it is agreed that the following is deleted: Part IV–C—We will not cover—exclusions 4. Bodily injury to any fellow em-

[2] The record does not include the insurance contract issued by Home Insurance. A copy of the contract does appear in the appendix to the appellant's brief. Neither party, however, disputes the language of the contract, but only its effect.

ployee of the insured arising out of and in the course of his or her employment.

We agree with Backhaus that this endorsement waived the statutory immunity granted to coemployees in sec. 102.03(2), Stats., to the extent of the policy limits.

We rely on the rationale of the supreme court in *Stanhope v. Brown County*, 90 Wis. 2d 823, 280 N.W.2d 711 (1979), in holding that the language of the insurance policy waived the statutory immunity of sec. 102.03(2), Stats. Although *Stanhope* did not involve the Worker's Compensation Act, we find its reasoning applicable here.

In *Stanhope*, the plaintiff brought an action against the municipality, Brown county, for injuries and damages suffered in an automobile accident on a Brown county highway. Despite the statutory limit of $25,000 on recovery from a municipal tort-feasor, the plaintiff argued that the municipality's insurance policy waived the statutory limit. The pertinent language of the policy stated that "'the Company will not avail itself of the defense that the Insured is not liable because of the performance of Governmental Functions.'" *Stanhope* at 847, 280 N.W.2d at 721. The supreme court held that this language expressly waived the statutory defense of limitation of recovery under the statute. *Id.* at 852, 280 N.W.2d at 723. *See also Marshall v. City of Green Bay*, 18 Wis. 2d 496, 500–02, 118 N.W.2d 715, 717–18 (1963).

Likewise, we hold that the special endorsement to the insurance policy waived the coemployee immunity language of sec. 102.03(2), Stats., to the extent of the policy limits. We disagree with the trial court's statement that the endorsement did not expressly waive the statutory provisions. The endorsement specifically deleted the clause in the policy which excluded coverage for injuries to coemployees. We view this as an express waiver of the statutory provisions to the extent of the

policy limits. We therefore reverse and remand for further proceedings.

*By the Court.*—Judgment reversed and cause remanded.