UNITED STATES FIDELITY & GUARANTY COMPANY, Plaintiff-Respondent,†

v.

PBC PRODUCTIONS, INCORPORATED, and Phillip J. Wittliff, Defendants-Appellants,

FIREMAN'S FUND INSURANCE COMPANY and Howard W. Larson, Defendants.

Court of Appeals

*No. 89-0324. Oral argument August 22, 1989.—Decided December 13, 1989.*

(Also reported in 451 N.W.2d 778.)

† Petition to review denied.

For the plaintiff-respondent the cause was submitted on the briefs of *Peterson, Johnson & Murray, S.C.,* with *Randy S. Parlee* of counsel, of Milwaukee.

For the defendants-appellants the cause was submitted on the briefs of *Cook & Franke, S.C.,* with *Robert L. Elliott* of counsel, of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

FINE, J.   This declaratory-judgment case presents insurance coverage issues. It arises out of an automobile accident that severely injured Philip J. Wittliff. Wittliff, an employee of PBC Productions, was injured when a van owned by PBC and driven by Howard Larson, also an employee of PBC, collided with a logging truck.[1] All parties concede that Wittliff and Larson were acting in the scope of their employment for PBC at the time of the accident.

PBC has business automobile insurance under a policy issued by United States Fidelity and Guaranty Company. Larson was an "insured" under the policy since he was driving PBC's van at the time of the accident with PBC's permission.

Following the accident, Wittliff gave notice to USF&G that he intended to make claims against the policy based on Larson's alleged negligence under both the liability and uninsured motorist coverages. USF&G then brought this action seeking a declaration that there was no such coverage.[2] USF&G moved for summary judgment, and, pursuant to sec. 802.08(6), Stats., Wittliff requested summary judgment declaring that the USF&G policy provided both liability and uninsured motorist

---

[1] The logging truck was insured by Fireman's Fund Insurance Company. There is no issue here concerning the liability, *vel non,* of the logging company, its driver, or Fireman's Fund.

[2] USF&G concedes that there would be under insurance coverage if the Fireman's Fund logging company policy limits were exhausted.

coverage. The trial court granted summary judgment to USF&G. Wittliff appeals.

Wittliff raises two main issues. First, he contends that there is liability coverage under the USF&G policy for Larson's alleged negligence. Second, Wittliff argues that if there is no liability coverage, he is entitled to recover from USF&G under the policy's uninsured-motorist provisions. The resolution of these issues turns on the policy language and the material provisions of the Worker's Compensation Act, ch. 102, Stats. We decide these matters *de novo, see Richie v. American Family Mut. Ins. Co.,* 140 Wis. 2d 51, 54, 409 N.W.2d 146, 147 (Ct. App. 1987), and bear in mind that "[i]t is well settled that policy language is to be given its common and ordinary meaning—not necessarily what the insurer intended, 'but what a reasonable person in the position of the insured would have understood the words to mean.' " *Ibid.* (quoting *Kremers-Urban Co. v. American Employers Ins.,* 119 Wis. 2d 722, 735, 351 N.W.2d 156, 163 [1984]). We may not, however, rewrite a policy to provide coverage where there is none. *Bulen v. West Bend Mut. Ins. Co.,* 125 Wis. 2d 259, 264, 371 N.W.2d 392, 394 (Ct. App. 1985).

USF&G argues that its PBC business automobile policy does not provide liability coverage for Wittliff's claims against Larson, and points to two exclusions:

C.  **WE WILL NOT COVER—EXCLUSIONS**
This insurance does not apply to:

. . ..

2.   Any obligation for which the **insured** or his or her insurer may be held liable under any workers' compensation or disability benefits law or under any similar law.

. . ..

5. **Bodily injury** to **any employee of the insured** arising out of and in the course of his or her employment by the **insured.**[3]

On their face, both paragraph 2 and paragraph 5 bar coverage. First, with respect to paragraph 2, PBC—an insured under the policy—was liable to Wittliff for worker's compensation. Second, with respect to paragraph 5, Wittliff is seeking recovery for "bodily injury"; PBC is an "insured" under the policy; Wittliff is, therefore, an "employee of the insured"; and, finally, Wittliff's injuries arose "out of and in the course of his . . . employment by" PBC. The exclusions do not apply, however, if their use of the word "insured" refers to Larson, rather than to PBC, since Larson may not be held liable for worker's compensation benefits (paragraph 2), nor is Wittliff employed by Larson (paragraph 5).

■

It is settled law in this state that when an employee seeks to recover for damages sustained as the result of a co-employee's negligence, and the co-employee is an insured under the employer's policy, the word "insured" in the exclusions at issue here refers to the co-employee tortfeasor, and *not* to the employer. *Severin v. Luchinske,* 271 Wis. 378, 383, 73 N.W.2d 477, 479 (1955).[4] *See also Zippel v. Country Gardens, Inc.,* 262 Wis. 567, 55

---

[3]USF&G issued policies to PBC for the time periods of December 23, 1986 to December 23, 1987 and from December 23, 1987 to December 23, 1988. With some exceptions, the policies are identical. Like the parties, our references are to the initial policy.

[4]Wittliff also cites *Miller v. Carriers Ins. Co.,* 60 Wis. 2d 760, 211 N.W.2d 508 (1973) (per curiam), in support of this proposition. *Miller,* however, is a non-headnoted per curiam decision, and, accordingly, is not "of general precedent value." *See* 60 Wis.

N.W.2d 903 (1952). Accordingly, the exclusions contained in paragraphs 2 and 5 do not apply.[5]

Our determination that the exclusions contained in paragraphs 2 and 5 do not apply to preclude coverage by USF&G for Wittliff's injuries does not end our inquiry. Section 102.03(2), Stats., makes the worker's compensation system Wittliff's sole remedy against both PBC and Larson. In return for an extra premium of $50, however, USF&G deleted an exclusion from the policy that provided that there was no liability coverage for "[b]odily injury to any fellow employee of the insured arising out of and in the course of his or her employment." This waived USF&G's right to rely on the immunity from suit granted Larson by sec. 102.03(2) to the extent of the policy's limits. *See Backhaus v. Krueger,* 126 Wis. 2d 178, 181–183, 376 N.W.2d 377, 379 (Ct. App. 1985).

In conclusion, since Larson is an insured under the USF&G policy, since the exclusions in the policy do not apply, and since USF&G has waived its reliance on the co-employee immunity conferred upon Larson by sec. 102.03(2), Stats., the USF&G policy provides liability coverage for the damages Wittliff alleges he sustained as a result of Larson's negligence. We do not, therefore, address Wittliff's alternative argument that the USF&G policy afforded him uninsured motorist coverage. *See*

2d 749 ("*Pursuant to court direction only those opinions of general precedent value have been headnoted.").

[5]USF&G concedes that *Severin* governs, but contends that the decision was a result-oriented violation of appropriate canons governing the interpretation of insurance contracts. We are, however, bound by supreme court precedent. *See State v. Grawien,* 123 Wis. 2d 428, 432, 367 N.W.2d 816, 818 (Ct. App. 1985).

*Gross v. Hoffmann,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed).

*By the Court.*—Order reversed.