Nancy Jean BRANTNER, Plaintiff-Appellant,

v.

ABC MANUFACTURING COMPANY, Hunt-Wesson, Inc. and Gallagher Bassett Services, Inc. Defendants-Respondents.

Court of Appeals

*No. 97–1523. Submitted on briefs January 5, 1998.—Decided February 24, 1998.*

(Also reported in 579 N.W.2d 742.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Dana J. Wachs, Heidi L. Atkins* of *Jordan & Wachs* of Eau Claire.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Stephanie L. Finn, Michael A. Schumacher* of *Herrick, Hart, Duchemin, Spaeth, Sullivan & Schumacher, S.C.* of Eau Claire.

Before Cane, P.J., Myse and Hoover, JJ.

CANE, P.J. Nancy Brantner severely injured her hand at work when she became entangled in a packaging machine. At the time of her injury, she was employed at Hunt-Wesson, Inc. Initially, she filed an action against the manufacturer of the packaging machine. After learning that some co-employees had disengaged or removed guarding on the machinery, she sought leave to amend the complaint to add tort claims against Hunt-Wesson and the co-employees. She also sought to include Hunt-Wesson's commercial general liability insurance carrier, Reliance National Indemnity Company, as a defendant.

In response to Brantner's motion to amend the complaint, the parties agreed to have the trial court treat this as a motion for summary judgment and rule on the merits of whether Hunt-Wesson had, through its

145

liability insurance policy with Reliance, waived the exclusivity provisions of the worker's compensation law. If not waived, Brantner concedes that the tort claims against her employer and co-employees must be addressed exclusively through the worker's compensation program. The facts being undisputed, the trial court interpreted the insurance policy and concluded that its terms did not waive the exclusivity provisions of the worker's compensation law. It therefore entered a summary judgment dismissing the tort claims against Hunt-Wesson, the co-employees and Reliance.

The sole issue on appeal is whether Reliance's insurance policy issued to Hunt-Wesson waives the exclusivity provisions of the worker's compensation law. We agree with the trial court that it did not.

The resolution of this issue involves an interpretation of the insurance policy that is a question of law. *Maas v. Ziegler*, 172 Wis. 2d 70, 79, 492 N.W.2d 621, 624 (1992). This court decides questions of law de novo. *Tahtinen v. MSI Ins. Co.*, 122 Wis. 2d 158, 166, 361 N.W.2d 673, 677 (1985). In construing an insurance contract, a construction that gives reasonable meaning to every provision is preferable to one leaving part of the language useless or meaningless. *Stanhope v. Brown County*, 90 Wis. 2d 823, 848–49, 280 N.W.2d 711, 722 (1979). Finally, we need not repeat the often cited procedure for reviewing summary judgment determinations. Suffice it to say that motions for summary judgment can be used to address issues of insurance policy coverage. *Germanotta v. National Indem. Co.*, 119 Wis. 2d 293, 296, 349 N.W.2d 733, 735 (Ct. App. 1984).

■ In Wisconsin, worker's compensation is generally the exclusive remedy injured employees have against their employer or co-employees. Section 102.03(2), STATS. However, an insurer can waive statutory immunity through the terms of an acquired insurance policy where there is express policy language indicating that the waiver was intended. *Maas*, 172 Wis. 2d at 82, 492 N.W.2d at 625.

Reliance's policy provides:

SECTION I—COVERAGES

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY.

. . . .

2. Exclusions.
 This insurance does not apply to:

 . . . .

d. Workers' Compensation and Similar Laws
 Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

e. Employer's Liability
 "Bodily Injury" to:
 (1) An "employee" of the insured arising out of and in the course of:
 (a) Employment by the insured; or
 (b) Performing duties related to the conduct of the insured's business . . . .

 . . . .

This exclusion applies:
 (1) Whether the insured may be liable as an employer or in any other capacity; and

147

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

Section I, Coverage C, also specifically excludes coverage for employee claims, stating:

COVERAGE C. MEDICAL PAYMENTS

. . . .

2. Exclusions.
We will not pay expenses for "bodily injury":

a. To any insured.

b. To a person hired to do work for or on behalf of any insured or a tenant of any insured.

. . . .

d. To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

. . . .

g. Excluded under Coverage A.

These exclusions provide that claims for employee injuries are not covered by the insurance policy. Brantner concedes that, on their face, the exclusions bar her action outside the worker's compensation law. However, she relies on the rationale used in *Maas* to support her position of a waiver. In *Maas*, the supreme

148

court held that by deleting an exclusion for co-employee coverage in the policy, the employer expressly waived its right to rely on worker's compensation as the sole remedy.

The policy in *Maas* contained a fellow employee exclusion that read as follows:

C. WE WILL NOT COVER—EXCLUSIONS: This insurance does not apply to:

. . . .

4. Bodily injury to any fellow employee of the insured arising out of and in the course of his or her employment.

*Id.* at 77, 492 N.W.2d at 623. However, it also included an endorsement entitled "CHANGES IN POLICY—WISCONSIN" which stated:

A. CHANGES IN LIABILITY INSURANCE

. . . .

2. The exclusion relating to bodily injury to fellow employees does not apply if the bodily injury results from the use of a covered auto you own.

*Id.* at 77, 492 N.W.2d at 623–24.

The supreme court considered whether the insurer waived the exclusive remedy provision of the worker's compensation law by the endorsement that removed the fellow employees exclusion from its policy. It concluded that the endorsement, which specifically and explicitly removed the policy exclusion, was a waiver of the exclusivity of worker's compensation. Similarly, in *United States Fid. & Guar. Co. v. PBC Prods.*, 153 Wis. 2d 638, 643, 451 N.W.2d 778, 780 (Ct. App. 1989), and *Backhaus v. Krueger*, 126 Wis. 2d 178, 182, 376 N.W.2d

377, 379 (Ct. App. 1985), the court concluded that endorsements specifically removing clauses in the policy which excluded coverage for injuries to co-employees constituted an express waiver of the immunity under the worker's compensation law.

Relying on the rationale in these cases, Brantner refers us to the language in Reliance's policy which states that each of the following is an insured:

a. Your "employees," other than your "executive officers," but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. *However, no "employee" is an insured for:*

*(1) "Bodily injury" or "personal injury":*

*a. To you, to your partners or members (if you are a partnership or joint venture), or to a co-"employee" while in the course of his or her employment or while performing duties related to the conduct of your business.* (Emphasis supplied.)

However, this latter language was deleted through an endorsement change to the policy that provides:

FELLOW EMPLOYEE AMENDMENT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Section II-Who is an insured, Item 2.a.(1) is deleted.

150

Brantner argues that under the rationale in *Maas*, the endorsement waived the co-employee immunity under the worker's compensation law. She also reasons that after considering the endorsement, the employees fall within the definition of "insured" in the policy and, therefore, the exclusions in the policy do not apply to negligent co-employees.

In response, Reliance reasons that the underlying rationale in *Maas* was that the endorsement removed coverage for the "exclusion" of coverage for bodily injury to fellow employees. However, unlike the endorsement in *Maas*, it points out that Brantner is not relying on an endorsement affecting an exclusion, but rather an endorsement merely affecting the definition of who is an insured. Thus, Reliance concludes that even after considering the endorsement, the remaining exclusions in its policy continue to exclude coverage for injuries covered by the worker's compensation law. We agree.

In *Maas, PBC Productions* and *Backhaus*, the endorsements specifically deleted the exclusion for injuries to co-employees. In *Maas*, the endorsement unambiguously provided that the exclusion relating to bodily injury to fellow employees did not apply if the bodily injury resulted from the use of a covered auto. *Maas*, 172 Wis. 2d at 77, 492 N.W.2d at 625–26. In both *Backhaus*, 126 Wis. 2d at 181–82, 376 N.W.2d at 379, and *PBC Prods.*, 153 Wis. 2d at 643, 451 N.W.2d at 780, the endorsement deleted the exclusion precluding liability coverage for "[b]odily injury to any fellow employee of the insured arising out of and in the course of his or her employment."

█

As we discussed in *Danielson v. Larsen Co.*, 197 Wis. 2d 799, 809–10, 541 N.W.2d 507, 511 (Ct. App.

1995), the expanded definition of an insured may be employed in a situation where there are employment-related incidents not covered by worker's compensation or an employer's liability extends beyond the worker's compensation law. Here, the endorsement does not waive or override any of the original policy exclusions. Even with the expanded definition of an insured to cover employees, the policy still indicates that injury to insureds or to employees is excluded, as is coverage for employer's liability under the worker's compensation law.

The scope of coverage plainly states that this insurance does not apply to: "Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law." Additionally, the exclusion states that this insurance does not apply to bodily injury to an employee of the insured arising out of and in the course of employment. Finally, it also plainly states that this exclusion applies: "Whether the insured may be liable as an employer or in any other capacity." It is undisputed that Brantner's injuries give rise to an obligation under the worker's compensation law. Reading the insurance policy as a whole, we do not construe the endorsement to mean that the policy was intended to waive liability where the worker's compensation law applied. Instead, the only reasonable construction is that the endorsement was intended to broaden the definition of an insured to include an employee in situations where the worker's compensation law would not apply. Therefore, we agree with the trial court that there is no language in the policy expressly waiving the statutory immunity under the worker's compensation law.

Next, Brantner argues that the exclusions in the policy for worker's compensation or work-related injuries do not apply because she is seeking to bring a claim against co-employees. She reasons that because the exclusions refer to employers and those with an obligation under the worker's compensation law, the exclusions do not apply to her claim against the co-employees. We are not persuaded.

Under Brantner's rationale, the insurance policy must exclude coverage for claims against co-employees and, if not excluded, coverage exists. We must keep in mind that worker's compensation is Brantner's exclusive remedy even against a co-employee unless there is express policy language indicating that waiver was intended. *See* § 102.03(2) STATS.; *Maas*, 172 Wis. 2d at 82, 492 N.W.2d at 625. As we stated previously, the endorsement's only effect is to include employees in the definition of who is an insured in situations where the worker's compensation law would not apply. It does not waive the exclusivity under worker's compensation law. Here, because there is no policy language waiving this statutory immunity for co-employees, the worker's compensation law continues to be Brantner's exclusive remedy against her co-employees.

In summary, because there is no express policy language waiving the employer's or co-employee's statutory immunity under the worker's compensation law, we agree with the trial court that Brantner's action against her employer Hunt-Wesson, her co-employees and Reliance must be dismissed. The summary judgment is therefore affirmed.

*By the Court.*—Judgment affirmed.